UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZAY D. McDANIELS,

    Petitioner,

    v.                            CAUSE NO. 3:19-CV-595-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Zay D. McDaniels, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 19-02-028) where a disciplinary hearing officer found him guilty of Possession of a Controlled Substance in violation of Indiana Department of Correction offense B-202 on March 2, 2019. Mr. McDaniels lost 60 days earned credit time and demoted from Credit Class 1 to Credit Class 2. Mr. McDaniels presents three grounds in his petition.

In Ground One, he argues there was insufficient evidence to have found him guilty because the substance tested negative for synthetic cannabinoids and could be legal seasonings. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that

> the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report on this incident states:

> On 2-1-19 at approximately 2:30 pm, I, Sergeant N. Schoiber, was conducting a cell search in AHU cell 407/408. While searching the bottom right shelf I found a pepper seasoning container filled with two separate type of seasonings in it. While shaking the container I noticed small plastic bags inside. I emptied out the container and found six small bags filled with a green leafy substance. I identified the container as belonging to Offender McDaniels, Zay #249201 by his I.D. which was laying on the same shelving unit as the container. Offender McDaniels refused to sign a confiscation form.

ECF 1-1 at 1.

The green leafy substances tested negative for synthetic cannabinoids, but that test didn't prove it wasn't some other controlled substance. When the bags were opened, "cut up pieces of white paper" were found "[m]ixed in with the green leafy substance . . . ." ECF 1-1 at 5. The investigator who tested the leaves stated, "[b]ased on my training and experience I believe the paper was sprayed with a chemical and was intended to be used as an intoxicant." Id. Given that six small bags (with cut pieces of paper in a green leafy substance) were found hidden in seasonings inside a pepper container, it wasn't arbitrary or irrational for the hearing officer to have concluded the paper and/or the green leafy substance was a controlled substance because there would be no need to conceal legal

2

seasonings in such a manner. It's possible the substances weren't a controlled substance, but it's not for this court to re-weigh the evidence. Webb v. Anderson, 224 F.3d at 652. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 457.

In Ground Two, Mr. McDaniels argues that there wasn't sufficient evidence to have found him guilty because the pepper container was found on a shelving unit he shared with his cellmate. The conduct report stated Mr. McDaniels's I.D. was found on the same shelving unit next to the container. That was enough evidence to have found it was his container. Even without the I.D., the container being in his cell was some evidence it belonged to him no matter where it was found. *Cf.* Superintendent v. Hill, 472 U.S. at 456-457 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

In Ground Three, Mr. McDaniels argues that prison policy required the correctional officers to photograph the baggies and their contents. Because no photos were taken, he argues, his due process rights were violated. The violation of a prison policy isn't a basis for federal habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). The Constitution doesn't require that items confiscated from an inmate be photographed.

Mr. McDaniels doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because, under 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith. If Mr. McBride files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by the District Court.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES the Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED on August 19, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT